**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALONSO TENA-CISNEROS, | No. 20-70261 |
| Petitioner, | Agency No. A089-926-400 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Jose Alonso Tena-Cisneros, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Tena-Cisneros' motion to reopen as untimely, where it was filed more than nine years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Tena-Cisneros failed to establish that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We lack jurisdiction to review the agency's determination not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

20-70261